## Commonwealth, Appellant, *v.* Maloof.

*Criminal law—Unnaturalized foreigners—Possession of firearms—Act of May 8, 1909, P. L. 466.*

1. Under the Act of May 8, 1909, P. L. 466, which makes it "Unlawful for any unnaturalized foreign-born resident within this Commonwealth to either own or be possessed of a shotgun or rifle of any make," such a foreign-born resident may be convicted, although he is the keeper of a shooting gallery and the guns which he owned were used for target practice.

2. The Act of May 8, 1909, P. L. 466, did not exclude from its provisions by direct words shooting galleries conducted under a license issued in pursuance of the provisions of the Act of May 25, 1907, P. L. 244, and the courts will accordingly assume that such places were not intended to be excluded.

Argued Dec. 12, 1911.  Appeal, No. 241, Oct. T., 1911, by plaintiff, from order of Q. S. Clearfield Co., May T., 1911, No. 40, arresting judgment in case of Commonwealth of Pennsylvania v. Charles Maloof.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Indictment against an unnaturalized foreigner for having in his possession two rifles.  Before HOLT, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in sustaining defendant's motion in arrest of judgment after verdict of guilty.

*A. M. Liveright*, with him *James H. Kelley*, district attorney, for appellant.—The legislature can declare an act a crime and make it punishable regardless of the intent: Tyrone Gas & Water Co. v. Burley, 19 Pa. Superior Ct. 348–353; Com. v. Immel, 33 Pa. Superior Ct. 388.

The consequences to a business enterprise, or the hardship of the particular case, will not save defendant from the operation of the act of 1909: Wilson v. Edwards, 32 Pa. Superior Ct. 295; Com. v. Kevin, 202 Pa. 23; McCann v. Com., 198 Pa. 509; Com. v. Seiler, 20 Pa. Superior Ct. 260; Heron v. Houston, 217 Pa. 1; Com. v. Pedder, 208 Pa. 28; Craig v. Presbyterian Church, 88 Pa. 42; Haddock v. Com., 103 Pa. 243; Com. v. Moir, 199 Pa. 534; McDonald v. Schell, 6 S. & R. 240.

An earlier general statute is repealed by a later one whose provisions are repugnant, to the extent at least of the repugnancy: Fenner v. Luzerne County, 167 Pa. 632; Quinn v. Cumberland County, 162 Pa. 55; Com. v. Weir, 165 Pa. 284; Marsh v. Nelson, 101 Pa. 51; Spees v. Boggs, 204 Pa. 504.

This rule of construction obtains even where there are no express terms of repeal in the later act: Sharon Boro. v. Hawthorne, 123 Pa. 106; Newbold v. Pennock, 154 Pa. 591; Jenkins v. Scranton, 202 Pa. 267; Wartman v. Phila., 33 Pa. 202.

No printed brief for appellee.

OPINION BY ORLADY, J., March 1, 1912:

This defendant, an unnaturalized foreign-born resident, was convicted of violating the provisions of the Act of May 8, 1909, P. L. 466, in having in his possession a Winchester and a Remington rifle. These were used at the time they were seized for target practice in a shooting gallery and were of an appropriate size and caliber for killing wild birds or animals.

The shooting gallery was conducted under a license issued (under the provisions of the Act of May 25, 1907,

P. L. 244) by the treasurer of Clearfield county, to Maggie Maloof, the mother of the defendant, and he acted as the agent of the licensee, in the management of that business. This license, by its terms, entitled the mother "to keep a shooting gallery," for which a fee of $20.00 was paid by her, but it is no defense to the prosecution under the act of 1909, if the offense complained of is in violation of the latter act, for the reason that it distinctly provides that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed" and, under all our decisions, the legislature is presumed to have had shooting galleries in mind when the act of 1909 was enacted, and that such places were not intended to be excluded from its provisions, or they would have been exempted by direct words.

The principal contention is that, because the rifles in question were used as an incident to the business of conducting a shooting gallery, and it not appearing that they were kept for any other purpose, the defendant is not within the meaning of the provisions of the act of 1909, and for these reasons the court below arrested the judgment against the defendant.

To arrive at this conclusion we must take out material words of the act of 1909, as it specifically declares, "It shall be unlawful for any unnaturalized foreign-born resident within this Commonwealth to either own or be possessed of a shotgun or rifle of any make."

The reason for such prohibition being stated in the words immediately preceding the ones quoted "it shall be unlawful for any unnaturalized foreign-born resident to hunt for or capture or kill, any wild bird or animal, either game or otherwise, of any description, excepting in defense of person or property." The connecting words "and to that end" are suggestive of the legislative intent in prohibiting the designated class of persons from having the described weapons which might be used for the destruction of game.

The subsequent provisions of the act of 1909 confirm

this interpretation, in prescribing the degree of proof required to determine the guilt of the defendant. Possession of a shotgun or rifle at any place outside a building is declared to be conclusive proof of a violation of the act, and the presence of a shotgun or rifle in a room, house, building, tent or camp of any description, occupied or controlled by such persons shall be prima facie evidence, that it is owned or controlled by the person occupying or controlling the property in which the gun is found.

Inasmuch as the words of the act clearly include this defendant; and the business in which they were used at the time not being exempted, and the guns being of the kind defined in the act and were in his personal possession and control, must determine our disposition of the judgment.

The alleged harshness of the statutory provisions, or strained illustrations of analogous conditions are not for our consideration; these might have been urged before the legislature and were doubtless considered by it. Our only duty is to determine what the legislature intended, and this intent is safely gathered from the words used in declaring its will, which are so plain and unambiguous, that this defendant is not exempt, for the reason that he was the keeper of a shooting gallery: Com. v. Papsone, 44 Pa. Superior Ct. 128; s. c., 231 Pa. 46; Com. v. Immel, 33 Pa. Superior Ct. 388; Louisville & Nashville Railroad Co. v. Mottley, 219 U. S. 467; 55 L. ed. 297.

The judgment of the court below is reversed, and the record is remitted to the court of quarter sessions of Clearfield county.